IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT TROY McCLURE,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-16-CA-874-RP | |
| § | | |
| **TEXAS COURT OF CRIMINAL** § | | |
| **APPEALS,** § | | |
| Respondent. § | | |

## ORDER

Before the Court is Petitioner Robert Troy McClure's Petition for Writ of Mandamus. Petitioner requests the Court to order the Texas Court of Criminal Appeals to "effect an Independent review of the current writ of habeas corpus and to enforce all federal constitutional protections [he has]."

Although the writ of mandamus was abolished by Fed. R. Civ. P. 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

Federal district courts do not have jurisdiction to issue the writ against a state actor or agency. See generally Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); accord, Noble v. Cain, 123 Fed. Appx. 151 (5th Cir. Feb.16, 2005) (available at 2005 WL 361818) (citing

Moye to hold federal mandamus relief is not available to direct state officials in the performance of their duties). As such, mandamus relief is not available to compel or direct the actions of state officials or other non-federal employees.  Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Thus, the Court is without jurisdiction over Plaintiff's Mandamus Petition.

It is therefore **ORDERED** that Petitioner's Petition for Writ of Mandamus is dismissed without prejudice for want of jurisdiction.

It is further **ORDERED** that any appeal of this order would be frivolous and not taken in good faith, as this Court lacks jurisdiction over the case.  Accordingly, in forma pauperis status shall not continue on appeal.

**SIGNED** on July 21, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE